MANDEL v. CONSOLIDATED FEED CO. et al.

(Supreme Court, Appellate Term. December 12, 1907.)

APPEAL—NEW TRIAL IN INTEREST OF JUSTICE.

Defendant gave real estate to plaintiff to sell, with the understanding that it was to receive $44,000 net, and would not be responsible for commissions. On finding a customer for $500 more than that, plaintiff, on the representation that because of the customer being his relative defendant could more easily collect the commission than he, induced defendant's president and secretary to include the $500 in the purchase price expressed in the contract, on his promise to give them $25 each. Verdict in an action for the commission, on both parties asking direction of the same, was directed for plaintiff; and defendant's motion, then made, to go to the jury on "the facts," the issues of facts, desired to be submitted, not being stated, was denied. *Held* that, because of the conduct of plaintiff and defendant's officers in agreeing to share the commission, the best interests of justice would be subserved by granting a new trial on which the issues of fact should be submitted to the jury.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 4597–4603.]

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Arthur C. Mandel against the Consolidated Feed Company and another. From a judgment for plaintiff, defendants appeal. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and GUY and BRUCE, JJ.

Boudin & Liebman, for appellants.
Jerome Steiner, for respondent.

PER CURIAM.  This is an action to recover a balance of broker's commission upon a sale of real estate.  A contract of sale in which the purchase price named was $44,500 was executed, and the purchaser thereupon deposited $1,000.  Title never passed on account of objections raised by the purchaser to incumbrances.  It appears from the evidence that the president and secretary of the defendant stated to the plaintiff and his associate, who were lawyers, at the time the property was placed in their hands, that the defendant must receive $44,000 net, and would not be responsible for commissions.  Prior to the signing of the contract, the plaintiff induced these officers of the defendant to include in the purchase price expressed in the contract the sum of $500 for commissions, upon the representation that, as the purchaser was his sister-in-law, the defendant could more easily collect the commissions than he.  These officers of the defendant consented to do this, upon the condition that each of them receive $25 out of the $500 for a "suit of clothes."  The president of the defendant, upon the signing of the contract, paid the plaintiff $225 on account of commissions. The associate of the plaintiff, who for many years had been attorney for the defendant, refused to join in the action, and was therefore made a party defendant.  He appeared, however, upon the trial in the capacity of attorney for the plaintiff.  At the close of the evidence, each side moved for the direction of a verdict, and the court directed a verdict for the plaintiff.  The defendant thereupon moved to go to the jury upon "the facts," but neglected to state the issues of fact which he desired to have submitted to the jury. , A careful reading of the evidence, taken in connection with the reprehensible conduct of the plaintiff and his associates and these officers of this corporation in agreeing to share the commissions, leads us to believe that the ends of justice will best be subserved if a new trial be had and the issues of fact be submitted to a jury for their determination.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.